# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:19-cr-17 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| CYNTHIA ANN FAULKNER, | : | |
| | : | |
| Defendant. | : | |

---

### ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (DOC. 12)

---

This case is before the Court on the Motion For Compassionate Release (Doc. 12) (the "Motion"), filed by Cynthia Ann Faulkner ("Faulkner"). Faulkner is currently incarcerated and asks this Court for compassionate release from her term of imprisonment. The United States (the "Government") filed a Response to the Motion (Doc. 15) (the "Response"), in which the Government opposes the Motion and asks the Court to deny it. Faulkner's attorney filed a Reply to the Response (Doc. 16) (the "Reply"). The matter is ripe for review.[1] For the reasons discussed below, the Court **DENIES** Faulkner's Motion.

---

[1] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified Section 18 U.S.C. § 3582 to allow a defendant to bring a motion for compassionate release on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub. L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must full exhaust all administrative rights to appeal with the prison or wait 30 days after his first request to the prison") (internal quotation marks omitted) (alteration adopted); *United States v. Hardin*, No. 19-cr-240, 2020 U.S. Dist. LEXIS 90855, at *2-4, 2020 WL 2610736 (N.D. Ohio May 22, 2020) (analyzing whether 30-day lapse provision in 18 U.S.C. § 3582(c)(1)(A) only applies if the warden does not respond to the defendant's request for the BOP to bring such a motion on the defendant's behalf, and finding that the provision is not limited to only applying in such a situation). The Government does not argue that Faulkner has failed to fulfill the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A). (*See* Doc. 15.)

I.  **BACKGROUND**

On January 29, 2019, the Government filed a single-count Information against Faulkner in this case, alleging the offense of misprision of felony in violation of 18 U.S.C. § 4. (Doc. 2.) This case is related to another case in which the Government filed a 16-count First Superseding Indictment against Faulkner. (*See* Doc. 14 in Case Number 3:18-cr-43.) That First Superseding Indictment alleged: five counts of making false statements in violation of 18 U.S.C. § 1001(a)(2) and (3); four counts of aiding and assisting in the preparation and presentation of a fraudulent tax return in violation of 26 U.S.C. § 7206(2); six counts of bank fraud in violation of 18 U.S.C. § 1344; and one count of making a false document in violation of 18 U.S.C. § 1001(a)(3). (*Id.*)

On May 8, 2019, in a consolidated hearing, Faulkner pled guilty to the single-count Information, as well as two counts of making a false document, two counts of aiding and assisting in the preparation and presentation of a false tax return, and one count of making a false document from the First Superseding Indictment in case number 3:18-cr-43. (*See* Docs. 9, 10.) This Court imposed a 21-month concurrent term of incarceration. (*Id.*) Faulkner states in her Motion that she is due to be released from incarceration on October 8, 2020, but that her release date would be September 24, 2020 if the BOP applies "good time" that is allegedly "owed" to her. (Doc. 12 at PAGEID # 33.)

II.  **ANALYSIS**

Faulkner asks the Court "for consideration of Compassionate Release and/or commutation of [her] current sentence," and to consider what she alleges are extraordinary and compelling reasons for doing so. (Doc. 12.)

### A. Legal Standards

A district court has limited authority to modify a sentence.[2] "Generally speaking, once a court has imposed a sentence, it does not have authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants such authority in certain limited circumstances. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). Thus, the Court can modify a term of imprisonment if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) such a reduction is appropriate "after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020); *United States v. Spencer*, No. 20-3721, 2020 U.S. App. LEXIS 28051, at *4, 2020 WL 5498932 (6th Cir. Sept. 2, 2020).

Commentary to an applicable policy statement issued by the Sentencing Commission identifies four, relatively narrow, circumstances in which "extraordinary and compelling reasons"

---

[2] Additionally, it is the Bureau of Prisons ("BOP") that has the authority to determine the place of a defendant's confinement, not the courts. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …"); *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1991) ("While a judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government … and is delegated to the Bureau of Prisons") (quoting *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984)).

may exist.³ United States Sentencing Commission, Guidelines Manual, § 1B1.13, at cmt. n. 1 (Nov. 1, 2018) (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)). Those four circumstances are: (A) Medical Condition of the Defendant; (B) Age of the Defendant; (C) Family Circumstances; and (D) other extraordinary and compelling reason. *Id.* Each of the four circumstances has its own parameters. *Id.* Commentary also confirms that, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." *Id.* at cmt. n. 3.

That same applicable policy statement also requires that the defendant not be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*; *see also Kincaid*, 802 F. App'x at 188; *Spencer*, 2020 U.S. App. LEXIS 28051, at *4 ("[t]he district court must also find that the defendant is not a danger to the safety of any other person or to the community") (internal quotation marks omitted). Section 3142(g) provides factors to be considered in making that "danger to the safety" determination.⁴ 18 U.S.C. § 3142(g). Finally, it

---

³ *See* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples").
⁴ Specifically, 18 U.S.C. § 3142(g) states:
"(g) Factors to be considered. The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
 (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [18 USCS § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
 (2) the weight of the evidence against the person;
 (3) the history and characteristics of the person, including—
  (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
  (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
 (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or

remains that "compassionate release is discretionary, not mandatory." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment).

### B. <u>Application</u>

Faulkner admits that she is "a healthy woman." (Doc. 12 at PAGEID # 33.) She argues, however, that she is "fearful of contracting the [COVID-19] virus and having permanent damage." (*Id.*) She alleges that "Kentucky continues to experience a surge in COVID-19 cases," that FMC Lexington (where she is incarcerated) has been a "hot spot" for the COVID-19 virus with 285 reported cases and 7 deaths, and that her risk of contracting COVID-19 is increased by various procedures (or lack thereof) at FMC Lexington. (*Id.*) She also asserts that she has accepted responsibility for her wrongdoings, has been trying to "better [herself] every step of this journey," and has "received no incident reports." (*Id.*) Additionally, she states that she shares four school-aged children with her ex-husband, who "has end stage renal disease," "has been on dialysis and has only one kidney." (*Id.* at PAGEID # 34.) Faulkner says that her ex-husband "is at extreme risk of not only contraction of the virus but also serious complications if he so happens to get it." (*Id.*) Neither the Motion nor the Reply cite any statute, caselaw, or other legal authority in support.

In response, the Government argues that Faulkner has not demonstrated that she is eligible for release under § 3582(c)(1)(A) and USSG § 1B1.13. The Government also argues that the BOP has taken significant measures to protect inmates during the COVID-19 pandemic. (*See* Doc. 15.)

Although the Court commends Faulkner's prison record and acceptance of responsibility, and is sympathetic to her arguments about the fear of contracting COVID-19 and her ex-husband's medical condition, the Court does not find an extraordinary and compelling reason, under the law,

---

offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required."

that warrants a reduction in her prison sentence and that is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i).

Application notes to the applicable policy statement demonstrate the relatively narrow types of circumstances identified by the Sentencing Commission that would qualify as extraordinary and compelling reasons warranting a reduction in the term of imprisonment. The application notes provide detailed circumstances that constitute a medical condition of the defendant justifying a reduction, such as where:

> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n.1(A). Those application notes also provide detailed circumstances that constitute family circumstances justifying a reduction, such as:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13 n.1(C).

Faulkner has not shown that any of those conditions are present. And, "a generalized fear of contracting COVID-19 does not justify relief." *U.S. v. Cundiff*, No. CR 5:15-106-DCR, 2020

U.S. Dist. LEXIS 153556, at *3, 2020 WL 4949692 (E.D. Ky. Aug. 24, 2020).  The Court finds that Faulkner has not shown that the circumstances presented justify a reduction in her term of imprisonment.  *Id.* at *1, 4 (denying motion for compassionate release of defendant, who acknowledged that he had no serious medical issues but argued that he was at risk of contracting COVID-19 and whose mother had stage 4 cancer and suffered a sudden change in her health status); *United States v. Banner*, No. 2:12-CR-093, 2020 U.S. Dist. LEXIS 132060, at *6-8, 2020 WL 4289597 (E.D. Tenn. July 27, 2020) (denying motion for compassionate release of defendant whose prison had been "hard hit" by COVID-19, who tested positive for COVID-19, and who had been diagnosed with hepatitis C).

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion For Compassionate Release (Doc. 12).

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, September 16, 2020.

s/Thomas M. Rose

THOMAS M. ROSE  
UNITED STATES DISTRICT JUDGE